<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLTON FELDER,

    Petitioner,

v.

ALFRED KINDELL,

    Respondents.

Civil Action No. 12-7169 (DRD)

**OPINION**

**APPEARANCES**:

    CARLTON FELDER, #608520B
    Bayside State Prison
    P.O. Box F-1
    Leesburg, New Jersey 08327
        *Petitioner Pro Se*

    KEITH ERIC HOFFMAN, ASSISTANT PROSECUTOR
    PASSAIC COUNTY PROSECUTOR
    401 Grand Street
    Paterson, New Jersey 07505
        *Attorneys for Respondents*

**Debevoise, Senior U.S. District Judge**

    Carlton Felder filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Passaic County, on January 18, 1991, after he pled guilty to aggravated manslaughter, armed robbery, and armed burglary. The State filed an Answer. After carefully reviewing the arguments of the parties and the Opinion and Order filed in <u>Felder v. Morton</u>, Civ. No. 98-1080 (NHP) opinion (D.N.J. (July 15, 1998), this Court will dismiss the Petition for lack of jurisdiction and decline to issue a certificate of appealability.

**I.   BACKGROUND**

Felder signed the § 2254 Petition on November 14, 2012.  (ECF No. 1 at 16.)  The Clerk received and filed it on November 16, 2012.  Felder challenges a judgment of conviction filed in the Superior Court of New Jersey, Passaic County, on January 18, 1991, which imposed an aggregate 50-year term of imprisonment, with 25 years of parole ineligibility, after he pled guilty on December 3, 1990, to aggravated manslaughter, robbery and burglary.   The Petition raises four grounds, which are set forth below verbatim:

> Ground One:   DEPRIVATION OF ASSISTANCE OF COUNSEL WITHIN THE MEANING OF KIMMELMAN VS. MORRISON, U.S. SUPREME COURT (1986).  UNCOUNCELED ENTRANCE OF GUILTY PLEA.
>
> Ground Two:  DEPRIVATION OF THE RIGHT TO PRESENT A[] DEFENSE TO THE STATE CHARGES, INSANITY BY REASON OF ADDICTION TO CRACK COCAINE, AN ETHNIC DISEASE.
>
> Ground Three:  PETITIONER SOUGHT TO SUCCESSFULLY RAISE HIS FEDERAL CLAIM IN THE LOWER COURTS AND THE STATE SUPREME COURT, BUT HIS CLAIMS WERE IGNORED[;] HOWEVER[,] THE SAME COURTS HAVE GRANTED RELIEF TO OTHER LITIGANTS RAISING SIMILAR GROUNDS OR THE SAME GROUNDS.
>
> Ground Four:  PETITIONER RAISED HIS FEDERAL CLAIMS IN PCR PROCEEDINGS IN THE STATE COURTS.

(ECF No. 1 at 6, 8, 9, 11.)

This Court notified Felder of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  Respondent filed an Answer, arguing that the Petition should be dismissed as a second or successive § 2254 petition and as time barred.

## II.   DISCUSSION

**A.   Jurisdiction**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a district court's jurisdiction over a second or successive § 2254 petition.  Specifically, § 2244(b)(3)(A) of Title 28 provides:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides:  "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  28 U.S.C. § 2254 Rule 9.  Thus, a District Court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The Petition presently before this Court is a "second or successive" habeas petition for which Felder has not obtained authorization from the Third Circuit to file in this Court.  This Court takes judicial notice of the Order and Opinion entered on July 16, 1998, in Felder v. Morton, Civ. No. 98-1080 (NHP) opinion (D.N.J. July 15, 1998).  See McTernan v. City of York, 577 F.3d 521, 525 (3d Cir. 2009) (observing that "a court may take judicial notice of a prior judicial opinion.").  The docket in that matter establishes that on or about March 13, 1998, Felder filed a

3

petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the judgment of conviction filed in the Law Division of the Superior Court of New Jersey, Passaic County, on January 18, 1991, which imposed an aggregate 50-year term of imprisonment, with 25 years of parole ineligibility. In an Order and accompanying Opinion entered on July 16, 1998, the Court dismissed the § 2254 petition on the merits and denied a certificate of appealability. Felder has "twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his [successive] challenge. Because he did not do so, [this] Court [is] without jurisdiction to entertain it." Burton, 549 U.S. at 153.

As the Petition before this Court is a second or successive § 2254 Petition filed without authorization from the Third Circuit, this Court will dismiss the Petition for lack of jurisdiction. See Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

**B. Transfer**

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). If this Court were to transfer Felder's § 2254 Petition to the Third Circuit as an application for authorization to file a second or successive petition, then the Third Circuit could not authorize the filing of a second or successive § 2254 petition unless Felder satisfied the standard set forth in § 2244(b)(2), which provides:

4

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Felder does not allege facts indicating that a claim in the present § 2254 Petition satisfies the gatekeeping requirements of § 2244(b)(2). For example, he does not identify any new rule of constitutional law, nor does he point to facts that he could not have previously discovered through the exercise of due diligence. Accordingly, this Court finds that it would not be in the interest of justice to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition, and will dismiss the Petition for lack of jurisdiction. Cf. Hatches v. Schultz, 381 F.App'x 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law").

**C.   Certificate of Appealability**

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not

5

find it debatable that dismissal of the Petition for lack of jurisdiction is correct.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

### III.   CONCLUSION

This Court dismisses the Amended Petition for lack of jurisdiction and denies a certificate of appealability.

    s/Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE**
**U.S.S.D.J.**

Dated:   March 19, 2015